UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA R. NOELL, | ) | CASE NO. 1:14CV1894 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | MEMORANDUM OPINION AND |
| Acting Commissioner of Social Security, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the undersigned on an application for attorney fees under the Equal Access to Justice Act ("EAJA") filed by Plaintiff Amanda R. Noell ("Plaintiff") on May 11, 2016. ECF Dkt. #21. On May 25, 2016, Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant"), filed a response brief arguing that the Government's position was substantially justified and the hours of combined attorney and paralegal work performed on behalf of Plaintiff were not reasonable. ECF Dkt. #22. Plaintiff filed a reply brief containing a supplemental application for attorney fees associated with preparation of the reply on June 28, 2016. ECF Dkt. #25. On July 6, 2016, Defendant filed a response to Plaintiff's supplemental application for attorney fees. ECF Dkt. #26. Plaintiff filed a reply in support of the supplemental application for attorney fees on July 17, 2016. ECF Dkt. #27.

For the following reasons, the Court GRANTS Plaintiff's application for attorney fees under the EAJA (ECF Dkt. #21) in the amount of $9,332.93.

**I.    LAW AND ANALYSIS**

    **A.    EAJA**

On February 11, 2016, this Court remanded the instant case for an analysis consistent with the Memorandum Opinion and Order filed that same day. ECF Dkt. #19, #20. The EAJA provides that a plaintiff shall be awarded attorney fees when she is the prevailing party in a suit against the Government, unless the Government's position is substantially justified or if special circumstances prevent an award. 28 U.S.C. § 2412(d)(1). The district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999). As an initial matter, Defendant does not dispute that Plaintiff is a prevailing party. Further, the Court finds that this case does not involve any special circumstances that would make an award of fees unjust. Accordingly, the undersigned finds that Plaintiff is entitled to an award of attorney fees under the EAJA.

Defendant asserts that attorney fees are not appropriate in this case because her position was substantially justified and, assuming the Court finds that her position was not substantially justified, the amount of hours reported by Plaintiff for purposes of calculating the attorney fees are not reasonable. ECF. Dkt #22. Each of Defendant's arguments will be addressed in turn.

### B.    **Substantial Justification**

The standard for reviewing whether substantial justification exists for the Government's position is a lower standard than the substantial evidence standard that this Court uses in determining whether the SSA's final disability decision should be upheld. *Pierce v. Underwood*, 487 U.S. 552, 559 (1988); *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 507 (6th Cir. 1998). The standard of substantial justification means that the Social Security Administration's final decision is supported to a degree that would satisfy a reasonable person, even if it was not ultimately a correct position. *Pierce*, 487 U.S. at 566. The Government's position must therefore have a "reasonable basis both in law and fact." *Id.* at 559-60. The Government carries the burden of

-2-

showing that its position met the substantial justification standard. *E.W. Grobbel Sons., Inc. v. N.L.R.B.*, 176 F.3d 875, 878 (6th Cir. 1999). In reviewing whether the Government's position was substantially justified, the Court looks both at the position taken by the Government in the civil action and at the action or failure to act by the agency upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D).

Defendant presents three items for consideration by the Court as to why her position was substantially justified: (1) the Court only found error in the ALJ's discussion of the treating-source issue; (2) the Government's position on the ultimate issue of the denial of benefits; and (3) the nature of the errors in the case. ECF Dkt. #22 at 2-5.

Regarding the first item raised for consideration, Defendant asserts that the Court only found error in the administrative law judge's ("ALJ") discussion of the opinion of Plaintiff's treating physician. ECF Dkt. #22 at 2. Defendant's assertion is misleading. In her brief on the merits, Plaintiff asserted seven assignments of error. ECF Dkt. #15. The Court determined that Plaintiff's first and second assignments of error correctly asserted that the ALJ violated the treating physician rule, and remanded the instant case based on the ALJ's failure to provide reasons as to why the opinion of Plaintiff's treating physician was afforded less than controlling weight. ECF Dkt. #19 at 13-16. The Court did not make a determination regarding Plaintiff's third, fourth, fifth, and sixth assignments of error because the ALJ's treatment of the opinion of Plaintiff's treating physician upon remand may affect the issues raised in these assignments of error. *Id.* at 16-17. Finally, the Court determined that it lacked jurisdiction to consider Plaintiff's seventh assignment of error. *Id.* at 17-18.

The Court did not make the determination that the ALJ only erred in the decision regarding Plaintiff's treating physician. Rather, the Court determined that the ALJ erred in the treatment of

the opinion of Plaintiff's treating physician, and then declined to address the issues raised in Plaintiff's additional assignments of error, other than the seventh assignment of error, as it was determined that remand was necessary based on the treating physician rule. Further, Plaintiff correctly argues that the "count the arguments test," upon which Defendant relies when asserting that the Court only found error in one issue, is not applicable in the Sixth Circuit. *Glenn v. Comm'r of Soc. Sec.,* 763 F.3d 494, 498 (6th Cir. 2014).

Next, Defendant argues that the Court should consider the Government's position on the ultimate issue of the denial of benefits. ECF Dkt. #22 at 2-4. Continuing, Defendant asserts that the ALJ did provide some rationale for the weight afforded to the opinion of Plaintiff's treating physician, and that the Court acknowledged that it was "possible the ALJ meant 'controlling' but instead used the term 'great weight' harmlessly" when discussing the opinion of Plaintiff's treating physicain. *Id.* at 4 (citing ECF Dkt. #19 at 16). Defendant declined to include the portion of the Court's opinion indicating that whether the ALJ meant "controlling" weight or "great weight," the ALJ erred in omitting portions of the opinion of Plaintiff's treating physician without explanation when determining Plaintiff's residual functional capacity ("RFC"). ECF Dkt. #19 at 16.

Plaintiff correctly asserts that the ALJ's error when determining Plaintiff's RFC effectively prevents the Court from assessing the strength of the ultimate issue of the denial of benefits in this case. *See* ECF Dkt. #25 at 3-4. The Court is unable to determine Plaintiff's limitations without a proper RFC finding, and is thus unable to determine the validity of the ALJ's denial of benefits. Asking the Court to validate a denial of benefits without presenting a properly determined RFC finding short circuits the purpose of the fifth step of the sequential analysis requiring the ALJ to make a RFC finding when determining whether a claimant is disabled. For these reasons, the Court declines to find that Defendant's position was substantially justified based on the ultimate issue of

the denial of benefits.

Finally, Defendant asserts that the Court should consider the nature of the error in this case, namely, that the ALJ did not simply ignore the opinion of Plaintiff's physician *in toto,* and that a procedural error by the ALJ resulting in remand, rather than a substantive error resulting in remand, does not necessarily indicate that the Government's position as a unified whole lacks substantial justification. ECF Dkt. #22 at 5. Plaintiff fails to cite any precedent for the assertion that the fact that the ALJ did not ignore the opinion of Plaintiff's treating physician *in toto* shows that the substantial justification standard has been met. Moreover, the ALJ's error resulting in the remand of the instant case resulted from the failure to "provide reasons as to why the opinion of the treating physician was discounted, and [the omission of] portions of the treating physicians's opinion without explanation." ECF Dkt. #19 at 16. The reason this case was remand was not purely procedural, as suggested by Defendant, but also substantive in that the ALJ failed to provide adequate reasoning for the decisions regarding the weight afforded to the opinion of Plaintiff's treating physician. As such, the ALJ's error was largely substantive in nature, not purely procedural, and thus fails to show that Defendant's position was substantially justified.

For the reasons stated above, Defendant's argument that the Government's position was substantially justified is without merit, and, accordingly, Plaintiff is entitled to attorney fees under the EAJA.

### C.     **Reasonableness of Hours and Fees**

As an initial matter, Defendant does not take issue with the hourly rate of $184.75 requested for work performed by Attorney Roose and Attorney Kunder, or the hourly rate of $40.00 requested for work performed by Appellate Assistant Shriver. *See* ECF Dkt. #22 at 5.

Defendant asserts that Plaintiff has failed to meet her burden of showing that the fees sought

are reasonable. ECF Dkt. #22 at 6. Continuing, Defendant claims that Plaintiff's request for compensation for 30.6 hours of paralegal and attorney time spent reviewing the administrative record and drafting and editing the merits brief is excessive. ECF Dkt. #22 at 6-7. Defendant asserts that Attorney Roose has extensive experience in Social Security law, that fifty percent of the briefing work was performed by an associate "who appears to have had to review the administrative record all over again," and that the arguments presented are routine for Social Security cases. *Id.* at 7-8.[1] Defendant asserts that fees associated with training attorneys are not compensable under the EAJA when the fees were not incurred as a result of any actions or positions of the government in the litigation. *Id.* (internal citation omitted). Further, Defendant states that Attorney Roose was already familiar with the record and the time Attorney Kunder "spent on learning the record appears redundant and unnecessary." *Id.* For the above reasons, Defendant requests a reduction of billable hours to 35.0 attorney hours and 1.0 paralegal hours due to excessive hours for work performed on Plaintiff's merits brief and EAJA application, as well as work performed for clerical and other noncompensable tasks.[2] *Id.* at 8.

Plaintiff contends that Defendant does not specify with particularity the reasons for rejecting any hours that were billed and that the time entries in this case explain the time expended by each attorney. ECF Dkt. #25 at 7-9. Additionally, Plaintiff asserts that the work performed when this

---

[1] The Court recognizes that both parties have incorrectly indicated that a joint stipulation to remand was filed in this case. ECF Dkt. #21 at 8; ECF Dkt. #22 at 8. It is unclear on what basis both parties mistakenly indicated that a joint stipulation was the method upon which remand was granted in this case. The Court has considered the reasonableness of the hours expended by Plaintiff's counsel in light of the fact that this case was not remanded on the basis of a joint stipulation, but rather after a decision by the Court following the filing of briefs on the merits, as is properly reflected on the docket.

[2] Defendant incorrectly asserts that Plaintiff is seeking payment for 8.0 hours of work performed by an appellate assistant. ECF Dkt. #22 at 7. It is unclear why Defendant believes Plaintiff is seeking payment for 8.0 hours of paralegal work, but, in any event, Plaintiff agrees that she is seeking payment for only 1.0 hour of paralegal work. ECF Dkt. #25 at 7.

case was before the Appeals Council was performed in April 2013, and that counsel for Plaintiff cannot be presumed to have remembered all aspects of this case without reviewing the file. *Id.* at 9.  Finally, Plaintiff asserts that there is nothing unreasonable about having two attorneys work on a case, and that billing for services is duplicative only when the duplication is unnecessary. *Id.* at 10.

Defendant alleges, generally, that "attorney time spent reviewing the administrative record and drafting and editing the merits brief is excessive," and that Attorney Roose is an experienced attorney who presented routine arguments.  Defendant does not specify any dates upon which the alleged duplication of services occurred, or point to any time entry offered by Plaintiff regarding services rendered when arguing that Attorney Roose and Attorney Kunder performed duplicative services.  Based on the vagueness of Defendant's assertion that the hours spent on this case were excessive, the Court looks to the service schedules provided by Plaintiff's attorneys, both of which have been executed under penalty of perjury as to the hours billed for the services rendered.  *See* ECF Dkt. #21-1.  A comparison of the service schedules provided by Attorney Roose and Attorney Kunder does not make clear any dates on which duplicative services were rendered or show dates on which either attorney necessarily spent an unreasonable amount of time performing services. *Id.*

Plaintiff filed a detailed brief on the merits in the instant case, which, after the filing of Defendant's response and Plaintiff's reply thereto, resulted in the instant case being remanded for further proceedings.  *See* ECF Dkt. #15, #17, #18.  Per the EAJA, Plaintiff is entitled to attorney fees when she is the prevailing party in a suit against the Government, unless the Government's position is substantially justified or if special circumstances prevent an award.  As discussed above, the Government's position was not substantially justified, and Defendant does not argue that special circumstances bar an award of attorney fees in this case.  Plaintiff provided documentation of the

hours expended in the case. ECF Dkt. #21-1. Defendant failed to illustrate with adequate specificity how the hours expended by Plaintiff's counsel in this case were unreasonable or excessive. While the 40.0 hours of work expended on the merits of this case may be unusually high for a Social Security case, the Court will not arbitrarily decrease the amount of fees requested without Defendant presenting an adequate basis for a reduction in attorney fees.[3] Accordingly, the Court finds that Plaintiff is entitled to payment for 24.3 hours of work performed by Attorney Roose and 18.0 hours of work performed by Attorney Kunder, totaling 42.3 hours, at a rate of $184.75 per hour, totaling $7,814.93. Plaintiff is entitled to payment of $40.00 for 1.0 hours of work performed by Appellate Assistant Shriver. The total sum payable to Plaintiff resulting from costs associated with the filing of the brief on the merits (ECF Dkt. #15), reply brief (ECF Dkt. #18), and EAJA application (ECF Dkt. #21) totals $7,854.93.

Plaintiff also filed a reply to Defendant's response to her application for attorney fees. ECF Dkt. #25. At the conclusion of the reply, Plaintiff requests a supplemental $1,108.50 for 6.0 hours of work at a rate of $184.75 per hour spent replying to Defendant's response to her application for attorney fees. *Id.* at 11. Defendant filed a response to Plaintiff's application for supplemental fees, asserting that the fees requested for the preparation of Plaintiff's reply brief are unreasonable and without basis. ECF Dkt. #26. Relying on *Killings v. Colvin*, No. 1:12-CV-479, 2013 WL 1455818 (N.D. Ohio April 9, 2013), Defendant asserts that 6.0 hours of work on a reply brief should not be found to be reasonable. ECF Dkt. #26 at 2.

Plaintiff filed a reply to Defendant's response to her request for supplemental fees. ECF Dkt. #27. In her reply, Plaintiff correctly contends that this Court ordinarily awards fees for time spent

---

[3] 40.0 hours of work were expended on the merits of this case. The additional 2.3 hours of work upon which Plaintiff based the initial 42.3 hour fee request contained in the application for fees resulted from filing the application for fees under the EAJA. ECF Dkt. #21-1 at 2.

preparing EAJA reply briefs without requiring more detailed itemization for the EAJA reply brief. ECF Dkt. #27 at 2. Plaintiff correctly indicates that the Court is able to obtain a clear view of the reasonableness of requests for supplemental fees for EAJA replies by considering the issues raised by the Government in responses to EAJA fee applications and the replies thereto. *Id.* Further, *Killings*, as relied upon by Defendant, is distinguishable from the instant case. In *Killings*, the Court found that 5.0 hours preparing a reply in support of an EAJA application was not reasonable. However, in *Killings*, 21.0 hours were associated with Plaintiff's request for review of the Commissioner's final decision, and 6.9 hours (1. 9 hours for preparation of the EAJA application and 5.0 hours for the preparation of the reply in support thereof) were associated with the collection of fees. In the instant case, 40.0 hours were associated with Plaintiff's request for review of the Commissioner's final decision, and 8.3 hours (2.3 hours for preparation of the EAJA application and 6.0 hours for the preparation of the reply in support thereof) were associated with the collection of fees. *See Killings*, 2013 WL 1455818, at *8. The hours associated with the collection of fees in the instant case are only slightly higher than the hours presented in *Killings,* however, the number of hours that were associated with Plaintiff's request for review of the Commissioner's final decision were nearly double the hours expended in *Killing*. *Id.* Moreover, in *Killings*, the Court noted that the plaintiff's counsel expended hours on issues frequently raised before the court, namely, the hourly rate and the evidence necessary to support a cost-of-living increase. *Id.* at 8-9.

In the instant case, the hourly rate for Plaintiff's counsel is not at issue and counsel is not seeking a cost-of-living increase. Rather, Plaintiff's supplemental application for attorneys fees seeks costs for replying to substantive legal arguments contained in Defendant's response to Plaintiff's application for attorney fees. As discussed above, Defendant's response to Plaintiff's application for attorney fees raised three arguments as to substantial justification, as well as arguing

-9-

that the number of hours expended by Plaintiff's counsel on this case were not reasonable. *See* ECF Dkt. #26. In her response, Defendant raised multiple arguments in an attempt to establish that Plaintiff was not entitled to attorney fees, or, alternatively, entitled to attorney fees in a lesser amount. *Id.* Plaintiff replied to Defendant's arguments in defense of her requested legal fees and presented prevailing arguments contrary to those offered by Defendant. For these reasons, Plaintiff is awarded and additional $1,108.50 for 6.0 hours of work spent replying to Defendant's response to her application for attorney fees at a rate of $184.75 per hour.

In Plaintiff's reply to Defendant's response to Plaintiff's supplemental application for attorney fees, Plaintiff requests an additional $369.50 for 2.0 hours of work expended in connection with the reply to Defendant's response to Plaintiff's reply in support of her application for attorney fees. ECF Dkt. #27 at 4-5. The amount requested by Plaintiff is reasonable as Defendant raised additional legal arguments in a response to Plaintiff's reply in support of her application for attorney fees. *See* ECF Dkt. #26. Defendant attempts to argue that the hours spent by Plaintiff preparing the reply were not reasonable. For the reasons stated above, namely, that Plaintiff presented prevailing arguments over the arguments raised by Defendant in her response brief, Defendant is incorrect. Plaintiff billed only two hours for the reply to Defendant's response to Plaintiff's reply in support of the application for attorney fees, and, therefore, Plaintiff is entitled to $369.50 for work performed replying to Defendant's response to Plaintiff's reply in support of her application for attorney fees.

Accordingly, attorney fees may be recovered in the amount of $9,332.93 for the services performed as follows: $7,854.93 for 42.3 attorney hours at $184.75 per hour for work associated with Plaintiff's brief on the merits (ECF Dkt. #15), reply in support of the brief on the merits (ECF Dkt. #18), and application for attorney fees under the EAJA (ECF Dkt. #21), and 1.0 paralegal hours for work performed on this case; $1,108.50 for 6.0 attorney hours at $184.75 per hour for work

associated with Plaintiff's reply in support of her application for attorney fees under the EAJA (ECF Dkt. #25); and $369.50 for 2.0 attorney hours at $184.75 per hour for work associated with Plaintiff's reply to Defendant's response to Plaintiff's reply in support of her application for attorney fees under the EAJA (ECF Dkt. #27).

## II.    CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's application for attorney fees under the EAJA (ECF Dkt. #21) in the amount of $9,332.93.  The award is to Plaintiff, but paid to Plaintiff's counsel if no federal debts are owed.

IT IS SO ORDERED


Date:  July 22, 2016                                          */s/George J. Limbert*
                                                              GEORGE J. LIMBERT
                                                              UNITED STATES MAGISTRATE JUDGE